UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HERBERT DEAS,

          Petitioner,      15-CV-01306 (VSB)(SN)

    -against-           **REPORT AND
RECOMMENDATION**

MICHAEL CAPRA,

          Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE VERNON S. BRODERICK:**

  Herbert Deas, *pro se*, petitions under 28 U.S.C. § 2254 for a writ of habeas corpus vacating his 2010 conviction for second degree burglary and attempted second degree robbery. Deas attempted to rob a bank in Midtown Manhattan and injured a bank employee during his escape. His § 2254 petition claims that his trial counsel was ineffective for failing to argue, during a motion for a trial order of dismissal, that the prosecution did not present sufficient evidence to prove the "physical injury" element of the charged crimes. He also claims that appellate counsel was ineffective for failing to raise that ineffective assistance of trial counsel claim.

  Deas's petition should be denied. His ineffective assistance of trial counsel claim is barred by a state court ruling made on an independent and adequate procedural ground. The state court also denied the claim on the merits, and its decision was a reasonable application of federal law. The prosecution presented sufficient evidence of a physical injury, and Deas suffered no prejudice from counsel's failure to make a futile argument in the motion for a trial order of

dismissal. Moreover, trial counsel aggressively challenged the prosecution's physical injury evidence with expert testimony and by challenging the victim's credibility. Finally, the ineffective assistance of appellate counsel claim fails because appellate counsel raised Deas's strongest arguments and was under no obligation to raise a futile ineffective assistance of trial counsel argument.

## BACKGROUND

**I.     The Bank Robbery**

On March 19, 2009, after finishing a bottle of vodka, Deas went to a Midtown bank and passed a cardboard note demanding "hundreds and fifties" from a bank teller. Tr. at 161.[1] The teller sounded the alarm, and Deas reached under an adjoining window for a stack of cash, which a second teller pulled away from him. Bank employee Dominic Milito approached Deas and told him to leave. Deas began to walk away but suddenly leaped onto the teller counter and climbed over the glass petition into the restricted tellers' area, where piles of cash laid unprotected. Milito followed. The two men struggled, and Milito suffered injuries to his shin and elbow. Ultimately, Milito and other bank employees subdued Deas and forced him to leave the bank. After Deas left, it dawned on Milito that Deas had been robbing the bank.

At the crime scene, police found a hat bearing DNA consistent with Deas's. Eight days later, police arrested Deas on the street and recovered a cardboard note from his pocket that read: "Give me all your one hundred and fifty dollar bills or you won't see tomorrow. Fast." Tr. 263-65. After receiving <u>Miranda</u> warnings, Deas admitted that he had attempted the March 19 bank robbery but had been foiled by bank employees, who beat him up.

---

[1] All transcript citations refer to the continuous pagination created by ECF in the upper margin of the PDF docketed at ECF No. 13.

## II.      Procedural History

### A. State Proceedings

A grand jury charged Deas with second degree burglary, N.Y. Penal Law § 140.25(1)(b), and two counts of attempted second degree robbery, N.Y. Penal Law §§ 110, 160.10(2)(a). Both crimes require proof that the defendant caused a "physical injury" to a nonparticipant in the crime.

At Deas's bench trial, Milito testified that emergency medical technicians had treated him for injuries to his shin and elbow suffered during the scuffle with Deas. Although he did not receive follow-up treatment, he testified that he had suffered substantial pain for several days. The injuries caused him to limp, prevented him from writing, and disrupted his sleep. Five months after the robbery, Milito went to an orthopedic doctor to treat a collection of fluid in his right elbow, which had swelled to the size of an orange. The doctor told Milito that the injury was consistent with trauma.

Defense counsel presented expert rebuttal testimony from Dr. Ronald Paynter, an emergency room physician. Dr. Paynter examined Milito's medical records and opined that the collection of fluid in his elbow had been caused by olecranon bursitis. He testified that if trauma had caused the bursitis, the fluid would have collected within days or weeks of the injury. Noting that the bursitis appeared five months after the robbery, Dr. Paynter concluded that Deas had not caused this injury. Instead, Dr. Paynter believed that the bursitis resulted from chronic irritation of the elbow joint, probably as a result of office work.

At the close of evidence, defense counsel moved for a trial order of dismissal based on insufficient evidence, without specifying what element the prosecution had failed to prove. The court denied the motion. During summation, counsel argued that the prosecution

had not shown proof of a physical injury because Deas had not caused the bursitis, and Milito's testimony about the other alleged injuries was uncorroborated and incredible. The court convicted Deas as charged and sentenced him as a persistent violent felony offender to a prison term of 16 years to life.

On appeal, Deas's counsel argued: (1) the prosecution presented insufficient evidence to satisfy the physical injury elements; (2) the court's suppression ruling was flawed; (3) trial counsel was ineffective for failing to develop an intoxication defense and for improperly flagging her disagreement with Deas's decision to waive a jury trial; and (4) Deas's sentence was erroneous and excessive. The Appellate Division affirmed Deas's conviction and sentence, holding, as relevant:

> The evidence supported the conclusion that a bank employee sustained physical injury during this incident. Relatively minor injuries . . . including injuries not requiring medical treatment . . . may meet the statutory threshold for physical injury. Here, the victim sustained injuries to his shin and elbow that interfered with his walking, writing, and sleeping for several days.

People v. Deas, 102 A.D.3d 464, 464 (1st Dep't), leave to appeal denied, 20 N.Y.3d 1097 (2013). With respect to the ineffective assistance claim, the Appellate Division found the claim to be unreviewable on direct appeal, but, to the extent it was reviewable, the court found it to be without merit. The court concluded that the record did not establish a viable intoxication defense or that defense counsel's comments regarding jury waiver affected the outcome of the trial.

Deas, *pro se*, moved to vacate his conviction under N.Y. CPL § 440.10. He raised a new ineffective assistance of trial counsel claim, arguing that his counsel should have specified in her motion for a trial order of dismissal that the prosecution had failed to corroborate Milito's physical injury testimony. The New York Supreme Court denied the motion both procedurally and on the merits. Procedurally, the court concluded that Deas could have raised his claim in his

direct appeal and was barred from doing so in a CPL § 440.10 motion. On the merits, the court rejected Deas's claim under both the state and federal standards for ineffective assistance. The court concluded that legally sufficient evidence supported a finding of physical injury and that any motion to dismiss "based on a lack of corroboration in the medical records" stood "little or no chance of success under the circumstances." SR 223. Thus, Deas suffered no prejudice.

Deas, *pro se*, then moved for a writ of error *coram nobis*, arguing that his appellate counsel was ineffective for failing to argue on direct appeal the ineffective assistance of trial counsel claim that Deas raised in his *pro se* CPL § 440.10 motion. The Appellate Division denied his motion by summary order, and a Judge of the Court of Appeals denied leave to appeal.

### B.  The § 2254 Petition

In his § 2254 petition, Deas argues that his trial counsel was ineffective for failing to argue in her motion for a trial order of dismissal that the physical injury showing was insufficient because it was supported only by a work-related medical diagnosis and by Milito's unreliable and coached testimony. Deas also argues that his appellate counsel was ineffective for failing to raise that claim. On August 5, 2015, the respondent opposed the petition. The Court gave Deas an opportunity to reply, but he did not.

### DISCUSSION

### I.  Timeliness

A state prisoner must seek habeas relief within one year after his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). This period is tolled during the time when "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state post-conviction review is 'pending' includes

the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." <u>Evans v. Chavis</u>, 546 U.S. 189, 191 (2006).

Deas's petition is timely. The Court of Appeals denied Deas leave to appeal on March 25, 2013, and his conviction became final on June 24, 2013, when his time for filing a petition for certiorari with the U.S. Supreme Court expired. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003) (interpreting timeliness under § 2255). He filed his CPL § 440.10 motion three days later, tolling the statute. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-10 (2000) (timely filed postconviction motion is "properly filed" under § 2244 even when it presents claims that are procedurally barred). On April 8, 2014, a Justice of the Appellate Division denied Deas leave to appeal the denial of his § 440.10 motion, restarting the clock. On July 14, 2014, Deas filed his *coram nobis* petition, tolling the statute a second time. He then filed his § 2254 petition while his *coram nobis* appeal was still pending and the clock had not yet restarted. Only 100 days had elapsed under the one-year statute of limitations, and thus, Deas's petition was timely filed.

**II.      Deas's Ineffective Assistance of Trial Counsel Claim**

Deas argues that trial counsel erred by failing to challenge, in the motion for a trial order of dismissal, the sufficiency of the evidence with respect to physical injury. This claim is procedurally barred by an independent and adequate state law ground and is also without merit.

   **A.  Procedural Bar**

Before a federal court may review a § 2254 claim, a petitioner must exhaust all remedies provided in state court. 28 U.S.C. § 2254(b)(1)(A). A claim is deemed exhausted if the petitioner: (1) fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts; and (2) presented his claim to the highest state court

that could hear his claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). Even when a petitioner has fairly presented a claim to an appropriate state court, "[f]ederal habeas courts do not generally entertain arguments that were procedurally defaulted in the state court if the finding of default constitutes an independent and adequate state ground for the state court's decision." Brown v. Miller, 451 F.3d 54, 56 (2d Cir. 2006) (internal quotation marks omitted). A habeas petitioner who procedurally defaulted a claim cannot prevail unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 732 (1991).

Deas's ineffective assistance of trial counsel claim is procedurally barred. Although he presented this claim in a CPL § 440.10 motion, the court denied his motion both procedurally and on the merits. Procedurally, the court found the claim barred under CPL § 440.10(2)(c) because the facts supporting the claim appear on the record of the trial proceedings, and the claim should have been raised on direct appeal. CPL § 440.10(2)(c) constitutes an independent and adequate state law ground for denying a constitutional claim, and, thus, this Court does not have the power to review Deas's ineffective assistance of trial counsel claim. See Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003).

### B.  Merits Review

Deas may have cause to excuse his procedural default. An appellate counsel's unprofessional failure to raise an issue on direct appeal can excuse procedural default when the petitioner has argued the defaulted claim in a state court ineffective assistance of counsel proceeding. DiSimone v. Phillips, 461 F.3d 181, 191 (2d Cir. 2006). Here, Deas presented his

ineffective assistance of trial counsel claim as an ineffective assistance of appellate counsel claim in his *coram nobis* petition, arguably giving him cause to excuse the default.

But even assuming Deas has cause for his default, he has not shown that he is entitled to habeas relief. To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance fell outside "the wide range of reasonable professional assistance" and that there is a "reasonable probability" that, but for counsel's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 689, 694 (1984). When evaluating a state court's denial of an ineffective assistance claim, 28 U.S.C. § 2254(d) requires a federal habeas court to judge not whether counsel was ineffective, but whether the state court "applied Strickland to the facts of [the] case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002). "The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks and citations omitted). A state court's denial of an ineffective assistance claim on the merits warrants deference even when the court also denied the claim on a procedural ground. See Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir. 2004).

The state court's rejection of Deas's ineffective assistance of trial counsel claim was a reasonable application of Strickland. To prove second degree robbery and burglary, the prosecution was required to show that Deas caused a "physical injury," meaning "an impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9) (definition of "physical injury); see §§ 140.25(1)(b) (burglary); 160.10(2)(a) (robbery). "The statutory threshold of 'substantial pain' may be satisfied by relatively minor injuries causing moderate, but 'more than slight or trivial pain.'" People v. Martinez, 90 A.D.3d 409, 410 (1st Dep't 2011) (quoting People

v. Chiddick, 8 N.Y.3d 445, 447 (2007)). Milito testified that he suffered painful injuries to his elbow and shin that disrupted his life for several days. The court determined that this showing satisfied the statutory threshold, and the Appellate Division explicitly agreed. Any motion arguing otherwise was doomed to failure, and Deas was not prejudiced by his counsel's failure to raise the argument in a motion for a trial order of dismissal.

It bears noting that Deas also has not shown deficient performance of his trial counsel. Counsel aggressively challenged the prosecution's physical injury evidence by introducing expert testimony showing that Deas had not caused Milito's bursitis. During summation, counsel also called Milito's credibility into question. Despite those efforts, the court credited Milito's account of his pain and suffering, and that was enough to convict Deas.

### III.     Deas's Ineffective Assistance of Appellate Counsel Claim

Deas argues that his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel argument described above. Deas exhausted this claim by raising it before the Appellate Division and the Court of Appeals. See Eze v. Senkowski, 321 F.3d 110, 122 (2d Cir. 2003). But it fails on the merits.

When a direct appeal is authorized, a criminal defendant has a constitutional right to effective appellate counsel. See Evitts v. Lucey, 469 U.S. 387, 393 (1985). Ineffective assistance of appellate counsel claims are evaluated under the two-prong standard of Strickland and are subject to the same standard of deference in a habeas proceeding as are ineffective assistance of trial counsel claims. See Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001).

The Appellate Division's denial of Deas's ineffective assistance claim was not an unreasonable application of Strickland. Deas's counsel provided effective assistance by extensively briefing Deas's strongest arguments. She was under no obligation to pursue every

colorable legal claim to avoid a finding of constitutional ineffectiveness. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). The Appellate Division reasonably concluded that Deas's appellate counsel had no reason to raise the relatively weak ineffective assistance of trial counsel claim described above.

## CONCLUSION

Because Deas's claims do not warrant habeas relief, I recommend DENYING his § 2254 petition. Deas has not made a substantial showing of the denial of a constitutional right, and I recommend that the Court decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         November 20, 2015

\* \* \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Broderick. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).